**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE MATTER OF PETER J. CRESCI AND CRESCIP*FINNEGAN LLC | Misc. No. 17-mc-133<br>**ORDER** |

WHEREAS this Court issued an Order of December 13, 2017 (ECF No. 12), specifying the action required to be taken by plaintiffs' counsel to lift the stay of the actions listed therein; and

WHEREAS plaintiffs' counsel, Christine Finnegan, Esq., has applied to lift the stay, after filing a Substitution of Attorney, the Court finds as follows:

1.  Contrary to Rule 1:20-20 and RPC 7.5, as incorporated in the Court's December 13, 2017 Order, and their requirements as to the activities of a suspended attorney, namely Peter J. Cresci, and any superseding or substituted attorneys, namely Christine Finnegan, Esq., Ms. Finnegan continues to use as her registered e-mail address with the Court crescilaw@gmail.com; and

2.  Rule 1:20-20, including but not limited to Rule 1:20-20(e), and the prior Order of this Court, requires that plaintiffs' firm's clients and Mr. Cresci's clients be informed that Mr. Cresci is suspended from the practice of law before this Court. The letters sent to the firm's clients state only that Mr. Cresci is barred from practicing law in the "State of New Jersey" which may tend to create confusion as to whether Mr. Cresci is nevertheless able to practice in the New Jersey Federal District Court; and

3. Ms. Finnegan has failed to provide sufficient proof that Mr. Cresci maintains no ownership interest in the C. Finnegan & Associates Law Firm, LLC ("Finnegan Firm") and has no other financial participation in the matters being handled by that firm to the extent required by the provisions of Rule 1:20-20, therefore;

**IT IS** it is on this ~~29th~~ day of June, 2018,

**ORDERED** that the applications to lift the Stay are hereby **DENIED**; and it is further

**ORDERED** that Ms. Finnegan and all other attorneys of the firm "Finnegan Firm" shall cease and desist immediately from using the e-mail address crescilaw@gmail.com and any other e-mail address that contains any iteration of Mr. Cresci's name; and it is further

**ORDERED** that before an application to lift the stay may be filed, the Finnegan Firm shall provide specific notice to the firm's clients that Mr. Cresci has been suspended from the practice of law before the New Jersey Federal District Court and that Mr. Cresci may not represent them or participate in any representation of them in this Court, and shall provide proof of the service of such notices together with a copy thereof to this Court; and it is further

**ORDERED** that the Finnegan Firm, prior to applying for a lift of the stay, must also file proofs with this Court sufficient to establish that Mr. Cresci has no ownership interest in the Finnegan Firm; and it is further

**ORDERED** that the Finnegan Firm shall also at said time file proof with this Court sufficient to establish that Mr. Cresci retains no financial interest or potential financial interest in the outcome of the Finnegan Firm's cases before this Court contrary to the provisions of Rule 1:20-20 and that the provisions of that Rule have been complied with in full by Mr. Cresci and by the Finnegan Firm, as may be required on his behalf; and it is further

**ORDERED** that the Clerk of the Court will enter this Order on the dockets of the following civil actions:

| | |
|---|---|
| 13-2785-JLL | *Kraft v. County of Hudson, et al.* |
| 14-3695-KM | *Percella v. City of Bayonne, et al.* |
| 14-7153-KM | *Perez v. New Jersey City University, et al.* |
| 15-4426-SDW | *Fischer v. County of Hudson, et al.* |
| 16-5091-KM | *Power v. Bayonne Board of Education, et al.* |
| 16-5320-KM | *Leonard v. City of Bayonne, et al.* |
| 17-4831-CCC | *Smith et al. v. City Of Bayonne, et al.* |

**SO ORDERED.**

JOSE L. LINARES
Chief Judge, United States District Judge